949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KOZAK MICRO SYSTEMS, INC., Appellant,
v.
Richard G. AUSTIN, Administrator, General Services
Administration, Appellee.
 No. 91-1248.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Richard G. Austin, Administrator of the General Services Administration (GSA) moves to dismiss the appeal of Kozak Micro Systems, Inc. (Kozak). Kozak opposes the motion.
 
 
 2
 This matter stems from Kozak's claim for entitlement to payment it allegedly should have received with respect to two contracts with GSA. The contracting officer denied Kozak's claim. On appeal, on September 13, 1990, the GSA Board of Contract Appeals granted a partial summary judgment in favor of GSA. The Board's decision related to interpretation of contract, but left pending Kozak's estoppel argument.
 
 
 3
 Here, Kozak argues that the Board's order is appealable pursuant to the Cohen collateral order doctrine. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). In order to be appealable under the collateral order doctrine, an order (1) must conclusively determine the disputed question, (2) must resolve an important issue completely separate from the merits of the action, and (3) must be effectively unreviewable on appeal from a final judgment. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988); Quantum Corp. v. Tandon Corp., No. 91-1296, slip op. at 3 n. 1 (Fed.Cir. July 31, 1991).
 
 
 4
 Kozak neither addresses the third factor nor attempts to show that the order being appealed is not reviewable later. Assuming that the collateral order doctrine is applicable to appeals from administrative agencies, we determine that Kozak has not shown that the collateral order doctrine is applicable here. Clearly, the matter can be reviewed on appeal from a final decision of the Board.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 GSA's motion to dismiss is granted.